Carter v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-157-CR

        RAYMOND FRED CARTER,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 54th District Court
McLennan County, Texas
Trial Court # 90-570-C
                                                                                                                
                                                                     
O P I N I O N
                                                                                                                
                                                     
          A jury found Appellant guilty of the felony offense of driving while intoxicated and
assessed his punishment at five years in prison and a $2,000 fine. He contends that the court erred
in denying his motion to suppress evidence because (1) the police arrested him at his home without
a warrant in violation of the Fourth Amendment to the United States Constitution, Art. l, Sec. 9,
of the Texas Constitution, and article 14.05, Texas Code of Criminal Procedure, and (2) that the
evidence was insufficient to support the conviction. We will affirm.
          In a motion to suppress, Appellant sought to exclude any evidence derived from his
warrantless arrest, including any video tape taken during the booking process at the police station
and any evidence of his refusal to take a breath test. He contends his warrantless arrest occurred
in a constitutionally protected area of his home. We disagree. 
          A recitation of the facts surrounding his arrest is necessary for an understanding of his
contention. The evidence indicates that a policeman stopped Appellant because his license-plate
light was out. The stop occurred in front of Appellant's house at 1:30 A.M. Appellant got out
of his car, walked back to the officer's vehicle, and handed him his driver's license and insurance
certificate. At this point, the officer observed that Appellant had the usual signs of intoxication,
i.e., an unsteady walk, slurred speech, odor of alcohol on his breath, disheveled clothing and
bloodshot eyes. In addition, he had an irate attitude and was cursing the officer. The officer then
instructed him to go to the rear of Appellant's car while the officer ran a license check. Appellant
complied with this request and paced nervously at the rear of his car while waiting. The officer
observed that he had difficulty keeping his balance as he paced. 
          When the license check was completed, the officer stepped out of his car; Appellant walked
back to him and stated he was going to his house. He appeared irate and belligerent. The officer
radioed for a assistance and immediately followed Appellant across the yard into his garage. Then
the officer requested him to return to the street so that they could "take care of their business." 
Appellant refused and started toward the door into his house. Two back-up officers who had
arrived in the meantime grabbed Appellant, took him outside the garage, handcuffed and searched
him. At that time, the officer who made the initial stop told him he was under arrest. The
arresting officer described Appellant as being 6-feet 8-inches tall and weighing 230 pounds, much
larger than himself. Even though the officer might have formally arrested him before he started
to his house, given Appellant's size and belligerent attitude, it appears reasonable that the officer
waited for assistance before placing him under arrest.
          Appellant contends that, since he was on his own property, inside his garage and
attempting to enter his house when the warrantless arrest occurred, he was protected by the Fourth
Amendment to the United States Constitution and similar provisions in the Texas Constitution. 
He relies on Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), and
Honeycutt v. State, 499 S.W.2d 662 (Tex.Crim.App. 1973). 
          Honeycutt is factually distinguishable from this case. In Honeycutt, a car driven by a
woman struck another vehicle. When the policeman arrived, the woman had left the car and gone
inside her residence. The policeman knew she had a previous conviction for driving while
intoxicated and had lived in the residence for over a year. Even though there was no evidence that
she might try to escape, the officer went inside the residence and made a warrantless arrest. At
the time of her arrest, she was already in bed with her shoes off.
          Here, the officer observed Appellant's vehicle being operated without a license-plate light. 
After stopping Appellant, the officer observed he was belligerent, irate and had several classic
symptoms of intoxication. The officer further observed that Appellant was a much larger man
than himself. He requested Appellant to wait behind his car while he obtained a license check. 
After the license check was completed, Appellant informed the officer that he was going to his
house. It is reasonable to infer that the officer knew, after receiving the license check, that this
would be a felony offense. Apparently because of Appellant's size and belligerent attitude, the
officer radioed for back-up assistance and then immediately pursued Appellant across his yard into
the garage.
          Based upon these facts, we believe that Appellant's warrantless arrest falls within the "hot
pursuit" exception stated in Welsh. Id. at 2099. There, a witness observed a car being driven
erratically that eventually swerved off the highway, coming to a stop in a field without causing
damage to any person or property. Ignoring the witness's suggestion that he wait for assistance
in removing his car, the driver walked away from the scene. The police arrived minutes later and
were told by the witness that the driver was either sick or very inebriated. After obtaining a check
on the car's registration, the police went to Welsh's nearby home, where they made a warrantless
arrest of Welsh in his bedroom for a first-offense violation of driving while under the influence
of an intoxicant which was a civil, non-jailable offense under Wisconsin law. In holding that the
nighttime warrantless arrest of Welsh in his home violated the protection afforded under the
Fourth Amendment, the court stated that "before government agents may invade the sanctity of
the home, the government must demonstrate exigent circumstances that overcome the presumption
of unreasonableness that attaches to all warrantless home entries." Id. at 2097. The court
reasoned that an important factor in determining whether any exigency exists is the gravity of the
underlying offense. It held that the exigent-circumstances exception of a home entry should rarely
be sanctioned where there is only probable cause to believe that a minor offense has been
committed. Id. at 2098. The court further held that the warrantless arrest could not be upheld on
the basis of the "hot pursuit" doctrine, because there was no immediate or continuous pursuit of
Welsh from the scene of the crime. Id. at 2099. (Emphasis added). 
          Here, there was "immediate and continuous" pursuit of Appellant from the scene of the
crime to his home, and unlike Welsh, where only a minor non-jailable offense involving license
suspension was involved, there was a felony offense involving possible penitentiary time up to 5
years and a fine of $2,000. See Tex. R. Civ. Stat. Ann. art. 6701l-1(e) (Vernon Supp. 1992). 
          Further, we find that the initial restraint of Appellant started in the street, a public place,
when he was instructed by the officer to stand to the rear of his vehicle during the license check. 
The officer never gave him permission to leave that position and immediately pursued him when
he did leave. We find that, by retreating to his garage, Appellant never reached an area protected
by the Fourth Amendment, since he apparently was still exposed to public view. See United States
v. Santana, 427 U.S. 38, 42-43, 96 S.Ct. 2406, 2409-2410, 49 L.Ed.2d 300 (1976). A suspect
may not defeat an arrest which has been set in motion in a public place by the expedient of
escaping to a private place (or, as in this case, attempting to escape to a private place). Id. at
2410.
          Appellant also claims the evidence of his arrest should have been suppressed because it was
in violation of article 14.05, Texas Code of Criminal Procedure. That article provides in pertinent
part:
". . . except that an officer making an arrest without a warrant may not enter a
residence to make the arrest unless:
. . . 
(2) Exigent circumstances require that the officer making the arrest enter
the residence without the consent of a resident or without a warrant."
Tex. Code Crim. Proc. Ann. art. 14.05 (Vernon 1991).
This argument fails for two reasons. First, Appellant never reached the inside of his residence,
as required by the statute, and he was not within a constitutionally protected area. See Santana
at 2409-2410. Secondly, exigent circumstances existed because the officer was in "hot pursuit"
of Appellant from the time he started across his yard until he was placed under arrest. Points one
and two are overruled.
          In his last point, Appellant contends there was insufficient evidence to support a conviction
for felony driving while intoxicated because part of the proof, a penitentiary packet, failed to show
he was convicted of a prior driving while intoxicated offense, as alleged. The standard of review
we must use is to determine whether, after viewing the evidence in a light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 316; 99 S.Ct. 2781, 2787 (1979);
Geesa v. State, No. 290-90, slip op. at 10-11 (Tex.Crim.App. Nov. 6, 1991). 
          Here, the State was required to prove beyond a reasonable doubt that Appellant:
(1)drove while intoxicated on March 22, 1990, and
(2)had two prior convictions for "driving while intoxicated," as alleged in the
indictment.
          Appellant concedes that one of the prior convictions alleged in the indictment had been
properly proven, but he contests the prior conviction from Navarro County, dated October 19,
1989, in Cause Number 23,432, for the reason that the judgment in the pen packet recited in one
place that he had been convicted of the offense of "D.I.W., Article 6701l-1 - Felony." He
contends that "D.I.W." is not an offense and is insufficient to establish a prior conviction;
however, we do not reach this contention because the judgment further recites that "the [Appellant]
is guilty as charged in the Indictment . . ." A copy of the indictment alleging the statutory
elements of driving while intoxicated was included in the packet. Accordingly, we find that any
rational trier of fact could have found beyond a reasonable doubt that Appellant had committed
the prior offenses, as alleged. Point three is overruled and the judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 5, 1992
Publish